**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Anthony Persaud, Adrian Holder, and Romano
Chotkoe, *on behalf of themselves and others*
*similarly  situated  in    the  proposed  FLSA*
*Collective Action,*

                                   *Plaintiffs*,

              - against -

Adirondacks Protection Services, LLC, and Colin
Blackman, Ronald Williams, and Collin James,

                                 *Defendants*.
-------------------------------------------------------------X

Case No.:


**Jury Trial Demanded**

**<u>COMPLAINT</u>**

       Plaintiffs Anthony Persaud ("Persaud"), Adrian Holder ("Holder") and Romano Chotkoe

("Chotkoe", and collectively with Persaud and Holder, the "Plaintiffs"), on behalf of themselves

and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C.,

upon personal knowledge as to themselves and upon information and belief as to others, bring this

complaint against Defendants Adirondacks Protection Services, LLC (the "Corporate

Defendant"), Colin Blackman ("Blackman"), Ronald Williams ("Williams"), and Collin James

("James", and collectively with Blackman and Williams, the "Individual Defendants", and with

the Corporate Defendant, the "Defendants") and state as follows:

**NATURE OF THE ACTION**

       1.    Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly

situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law

("NYLL") and their supporting New York State Department of Labor regulations.

       2.    Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum

1

wages, overtime wages, unpaid spread-of-hours, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ANTHONY PERSAUD**

6.      Plaintiff Persaud is a resident of Queens, New York.

7.      Plaintiff Persaud was employed as a security guard at Defendants' security company from on or around January 19, 2021 through and including August 31, 2021.

8.      Plaintiff Persaud was employed as a non-managerial employee at Defendants' security company from on or around January 19, 2021 through and including August 31, 2021.

9.      At all relevant times, Plaintiff Persaud has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10.     At all relevant times, Plaintiff Persaud has been a manual worker within the meaning of NYLL § 191(1)(a).

**PLAINTIFF ADRIAN HOLDER**

11.    Plaintiff Holder is a resident of Queens, New York.

12.    Plaintiff Holder was employed as a security guard at Defendants' security company from on or around January 2020 through and including February 2020.

13.    Plaintiff Holder was employed as a non-managerial employee at Defendants' security company from on or around January 2020 through and including February 2020.

14.    At all relevant times, Plaintiff Holder has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

15.    At all relevant times, Plaintiff Holder has been a manual worker within the meaning of NYLL § 191(1)(a).

**PLAINTIFF ROMANO CHOTKOE**

16.    Plaintiff Chotkoe is a resident of Queens, New York.

17.    Plaintiff Chotkoe was employed as a security guard at Defendants' security company from on or around April 2021 through and including July 2, 2021.

18.    Plaintiff Chotkoe was employed as a non-managerial employee at Defendants' security company from on or around April 2021 through and including July 2, 2021.

19.    At all relevant times, Plaintiff Chotkoe has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

20.    At all relevant times, Plaintiff Chotkoe has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT ADIRONDACKS PROTECTION SERVICES, LLC**

21.    Upon information and belief, Defendant Adirondacks Protection Services, LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon

3

information and belief, it maintains its principal place of business at 416 Vermont Street, Brooklyn, NY 11207.

22.    At all times relevant to this Complaint, Defendant Adirondacks Protection Services, LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

23.    At all times relevant to this Complaint, Defendant Adirondacks Protection Services, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

24.    At all times relevant to this Complaint, Defendant Adirondacks Protection Services, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT COLIN BLACKMAN**

25.    Defendant Colin Blackman is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26.    Defendant Colin Blackman is the "Chief Executive Officer, Owner, and Founder of Adirondacks Protection Services", and "is directly responsible for the overall administration of the company and oversees accounting, operation, and business development."[1]

27.    Defendant Colin Blackman is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendant.

28.    Defendant Colin Blackman possesses or possessed operational control over the

---

[1] *See* Adirondacks Protection Services, LLC, Company Overview, *available at* https://adironprotectionllc.com/about-us/#colinblackman (last accessed on September 29, 2021).

Corporate Defendant, or controlled significant functions of the Corporate Defendant.

29.     Defendant Colin Blackman determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

30.     At all times relevant to this Complaint, Defendant Colin Blackman was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT RONALD WILLIAMS**

31.     Defendant Ronald Williams is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

32.     Defendant Ronald Williams "oversees company growth and ensures [Defendants'] security guards deliver excellent customer services. Ronald is also responsible for all licensing, compliance and security guard service operations."[2]

33.     Defendant Ronald Williams is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendant.

34.     Defendant Ronald Williams possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

35.     Defendant Ronald Williams determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

36.     At all times relevant to this Complaint, Defendant Ronald Williams was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and

---

[2] *See* Adirondacks Protection Services, LLC, Company Overview, *available at* https://adironprotectionllc.com/about-us/#RonaldWilliams (last accessed on September 29, 2021).

employed employees, including Plaintiffs.

**DEFENDANT COLLIN JAMES**

37.     Defendant Collin James is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

38.     Defendant Collin James "oversees the management of the Human Resources Department and is responsible for all of [Defendants'] employees. Collin ensures full compliance with licensing, registration and training requirements pursuant to the laws of the State of New York. Collin also oversees the assignment and staffing of all [Defendants'] Accounts."[3]

39.     Defendant Collin James is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendant.

40.     Defendant Collin James possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

41.     Defendant Collin James determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

42.     At all times relevant to this Complaint, Defendant Collin James was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

43.      Defendants own, operate and/or control a security company known as "Adirondacks Protection Services."

44.     Defendants' security company "provides [ ] state to state and coast to coast moving

---

[3] *See* Adirondacks Protection Services, LLC, Company Overview, *available at* https://adironprotectionllc.com/about-us/#CollinJames (last accessed on September 29, 2021).

services[,] [and] specialize[s] in [l]ong [d]istance [m]oves, especially up and down the East Coast." *See* https://www.ecoastmoving.com/long-distance-moving

45.     The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and control significant functions of the Corporate Defendant.

46.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

47.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

48.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

49.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

50.     Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fails to operate the Corporate Defendant as entities legally separate and apart from themselves, by, among other things:

   a.     failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

   b.     defectively forming or maintaining the Corporate Defendant, by among other

things failing to hold annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.     operating the Corporate Defendant for their own benefit as the majority shareholders;

e.     operating the Corporate Defendant for their own benefit and maintaining control over them as a closed corporation or closely controlled entity;

f.     intermingling assets and debts of their own with the Corporate Defendant;

g.     diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h.     other actions evincing a failure to adhere to the corporate form.

51.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

52.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

### *Factual Allegations Pertaining Specifically to Anthony Persaud*

53.     Plaintiff Persaud was an employee of Defendants.

54.     Plaintiff Persaud worked as a security guard at the security company known as "Adirondacks Protection Services" from approximately January 19, 2021 through and including August 31, 2021 .

55.     During this period, Plaintiff Persaud was assigned to work at the job site located

at 228 West 28th Street, New York, NY 10001.[4]

56.    At Defendants' security company, Plaintiff Persaud regularly worked in excess of forty (40) hours per week.

57.    From approximately January 19, 2021 through and including January 29, 2021, Plaintiff Persaud worked ten (10) days straight.

58.    During this grueling ten (10) day work period, Plaintiff Persaud worked one of three shifts a day: (i) 11:00 p.m. to 7:00 a.m. (the "Overnight Shift"); (ii) 7:00 a.m. to 3:00 p.m. (the "Morning Shift"); or (iii) 3:00 p.m. to 11:00 p.m. (the "Evening Shift"), eight (8) hours each day, for a total period of approximately eighty (80) hours.

59.    From approximately February 6, 2021 through and including July 1, 2021, Plaintiff Persaud worked two (2) days a week, Saturday and Sunday.

60.    During this period, Plaintiff Persaud worked a double shift each day, *i.e.,* either: (i) an Overnight Shift and a Morning Shift; (ii) a Morning Shift and an Evening Shift; or (iii) an Evening Shift and an Overnight Shift, sixteen (16) hours each day, for a total period of approximately thirty-two (32) hours.

61.    From approximately July 1, 2021 through and including August 23, 2021, Plaintiff Persaud worked seven (7) days a week.

62.    During this period, Plaintiff Persaud worked an Overnight Shift, Morning Shift or Evening Shift three (3) days per week, and worked an extended twelve (12) or fifteen (15) hour shift four (4) days per week, for a total period of approximately 72 to 84 hours during each of the weeks, respectively.

63.    From approximately August 23, 2021 through and including August 31, 2021,

---

[4] This job site was located at or around the New York City Fashion Institute of Technology ("FIT").

Plaintiff Persaud worked either an Overnight Shift, Morning Shift or Evening Shift, three (3) days a week.

64.    From approximately January 19, 2021 through and including April 30, 2021, Defendants paid Plaintiff Persaud $17.50 per hour.

65.    From approximately May 1, 2021 through and including August 31, 2021, Defendants paid Plaintiff Persaud $20.45 per hour.

*Factual Allegations Pertaining Specifically to Gerard Holder, Jr.*

66.    Plaintiff Holder was an employee of Defendants.

67.    Plaintiff Holder worked as a security guard at the security company known as "Adirondacks Protection Services" from approximately January 2021 through and including February 2021 .

68.    During this period, Plaintiff Holder was assigned to work at the job site located at 228 West 28th Street, New York, NY 10001, *i.e.,* at or around FIT.

69.    At Defendants' security company, Plaintiff Holder regularly worked in excess of forty (40) hours per week.

70.    From approximately January 2021 through and including February 2021, Plaintiff Holder worked two (2) days a week, Saturdays from 7:00 a.m. to 12:00 a.m., seventeen (17) hours each day, and Sundays from 3:00 p.m. to 12:00 p.m., nine (9) hours each day, for a total period of approximately 28 hours during each of the weeks, respectively.

71.    From approximately January 2021 through and including February 2021, Defendants promised to pay Plaintiff Holder $17.00 per hour.

72.    Defendants failed to pay Plaintiff Holder for any hours Plaintiff Holder worked from approximately January 2021 through and including February 2021.

*Factual Allegations Pertaining Specifically to Romano Chotkoe*

73.    Plaintiff Chotkoe was an employee of Defendants.

74.    Plaintiff Chotkoe worked as a security guard at the security company known as "Adirondacks Protection Services" from approximately April 2021 through and including July 2, 2021.

75.    During this period, Plaintiff Chotkoe was assigned to work at the job site located at 228 West 28th Street, New York, NY 10001, , *i.e.,* at or around FIT, and at the job site located at or around the intersection of Bruckner Boulevard and Whitlock Avenue, Bronx, NY 10459.

76.    At Defendants' security company, Plaintiff Chotkoe regularly worked in excess of forty (40) hours per week.

77.    From approximately April 2021 through and including May 15, 2021, Plaintiff Chotkoe worked five (5) days a week, Monday through Friday.

78.    During this period, Plaintiff Chotkoe worked an Overnight Shift each day, for a total period of approximately 40 hours during each of the weeks, respectively.

79.    During this period, Plaintiff Chotkoe was assigned to work at the job site located at 228 West 28th Street, New York, NY 10001, *i.e.,* at or around FIT.

80.    From approximately May 15, 2021 through and including July 2, 2021, Plaintiff Chotkoe worked seven (7) days a week, for total period of approximately 60 to 63 hours during each of the weeks, as follows.

81.    During this period, Plaintiff Chotkoe worked an Overnight Shift, Morning Shift or Evening Shift four (4) weekdays per week, and worked an extended twelve (12) or fifteen (15) hour shift one (1) weekdays per week, *i.e.,* for a total period of approximately 44 to 47 hours during the weekdays.

11

82.     On weekdays during this period,  Plaintiff Chotkoe was assigned to work at the job site located at 228 West 28ᵗʰ Street, New York, NY 10001, *i.e.,* at or around FIT.

83.     During this period, Plaintiff Chotkoe worked an Overnight Shift, Morning Shift or Evening Shift on Saturdays and Sundays, *i.e.,* for a total period of approximately 16 hours during the weekends.

84.      On weekends during this period,  Plaintiff Chotkoe was assigned to work at the job site located at or around the intersection of Bruckner Boulevard and Whitlock Avenue, Bronx, NY 10459.

85.     Thus, during this period Plaintiff Chotkoe worked total period of approximately 60 to 63 hours.

86.     From approximately April 2021 through and including July 2, 2021, Defendants paid Plaintiff Chotkoe $17.50 per hour.

87.     Defendants failed to pay Plaintiff Chotkoe for any hours Plaintiff Chotkoe worked from approximately June 21, 2021 through and including July 2, 2021.

*Factual Allegations Pertaining to Plaintiffs*

88.     Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

89.     Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

90.     Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

91.     Plaintiffs' wages did not vary regardless of how many additional hours they

worked in a week.

92.     At all relevant times, Defendants did not compensate Plaintiffs for one hour's pay at the basic minimum hourly wage rate for each day their shift exceeded ten (10) hours.

93.     As a result, Defendants consistently underpaid Plaintiffs.

94.     Defendants never granted Plaintiffs with meal breaks or rest periods of any length.

95.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

96.     Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

97.     Defendants did not give any notice to Plaintiffs, in English (Plaintiffs' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

98.     At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

99.     Plaintiffs brings the First, Second, Third, Fourth and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to security guards) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

100.    At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices,

procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

101.    The First, Second, Third, Fourth and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

102.    Plaintiffs reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

103.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

104.    Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

105.    Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

106.    Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

107.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

108.    At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

109.    Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

110.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

111.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

112.    Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

113.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

114.    Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

15

115.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

116.    Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

**FOURTH CLAIM**
**(NYLL – Unpaid Overtime Wages)**

117.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

118.    Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

119.    Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

120.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

121.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

122.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

123.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

124.    Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

125.    By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

126.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**SIXTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

127.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

128.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

129.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the

name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

130.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

131.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

132.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

133.    As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (Failure to Pay Timely Wages)

134.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

135.    NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

136.    As described above, throughout their employment with Defendants, Plaintiffs were

underpaid their wages each week.

137.    As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

    a.    authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

    b.    certification of this case as a collective action pursuant to the FLSA;

    c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

    d.    declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

    e.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

    f.    declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

    g.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

    h.    awarding Plaintiffs unpaid minimum wages;

i.    awarding Plaintiffs unpaid overtime wages;

j.    awarding Plaintiffs unpaid spread-of-hours pay;

k.    awarding unpaid wages under New York State law for failure to pay timely wages;

l.    awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

m.    awarding unpaid wages under the NYLL and the New York State contract law;

n.    awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

o.    awarding Plaintiffs pre- and post-judgment interest under the NYLL;

p.    awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

q.    Such other relief as this Court deems just and proper.

Dated: New York, New York
          September 30, 2021

                                   Respectfully submitted,


                                   By:  /s/ Joshua Levin-Epstein
                                        Joshua Levin-Epstein
                                        Jason Mizrahi
                                        Levin-Epstein & Associates, P.C.
                                        60 East 42nd Street, Suite 4700
                                        New York, New York 10165
                                        Tel: (212) 792-0046
                                        Email: Joshua@levinepstein.com
                                        *Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*