# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

<u>*Via Electronic Filing*</u>

The Honorable Judge Valerie E. Caproni
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/22

Re:  *Persaud et al v. Adirondacks Protection Services LLC*
    Case No.: 1:21-cv-08115-VEC

Dear Honorable Judge Caproni:

This law firm represents plaintiffs Anthony Persaud, Adrian Holder, and Romano Chotkoe (together, the "Plaintiffs") in the above-referenced action.

Pursuant to Your Honor's Individual Motion Practice Rules 2(C), this letter respectfully requests an extension of time to serve the individual defendants Colin Blackman, Ronald Williams, and Collin James (together, the "Individual Defendants") with the documents set forth in Your Honor's Order dated March 18, 2022 (the "Order") [Dckt. No. 33] from March 25, 2022 to, through and including, March 8, 2022. This is the first request for such an extension.

The Plaintiffs intend on serving the corporate defendant Adirondacks Protection Services, LLC (the "Corporate Defendant") with the documents required under the Order by close of business today. The Plaintiffs also intend to over-serve the Individual Defendants with the documents required under the Order through service at the Corporate Defendant's business address by close of business today. The reason for the extension is that Your Honor's Order requires service on the Individual Defendants to be effectuated at the personal residences of the Individual Defendants whose whereabouts are currently unknown. The Individual Defendants had previously been served at the Corporate Defendant's business address. The Corporate Defendants and, at least, the individual defendant Colin Blackman have knowledge of this lawsuit as this office has communicated with Mr. Blackman.

The Individual Defendants had been previously served in accordance with Fed.R.Civ.P. 4(h) made applicable by CPLR § 308(2). New York Civil Practice Law and Rules ("CPLR") § 308(2) ("Personal Service Upon a Natural Person") provides that "[i]ndividuals may be served by delivering the summons within the state to a person of suitable age and discretion at [defendant's] actual place of business…[and] mailing the summons by first class mail to the person to be served at his or her actual place of business…" CPLR § 308(2), where "actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." CPLR § 308(6).

Under Fed.R.Civ.P. 4(h) ("Serving a Corporation, Partnership, or Association"), service is proper on a domestic or foreign corporation by either: (1)(A) following state law for serving a summons in an action brought in the state where the district court is located; or, inter alia, (1)(B) serving an officer, manager, or agent authorized to receive service. Fed.R.Civ.P. 4(h). N.Y. Bus. Corp. Law § 306 dictates that service on a domestic corporation is "complete when the secretary

of state is…served" and that the secretary "shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose." N.Y. Bus. Corp. Law § 306. See also N.Y. Bus. Corp. Law § 304 ("The secretary of state shall be the agent of every domestic corporation…upon whom process against the corporation may be served"); Fed.R.Civ.P. 4(e)(1) (permitting a plaintiff to serve a defendant by following the procedures set forth by state law in the state where the district is located).

As this Court has Ordered, in relevant part:

ORDER TO SHOW CAUSE: it is hereby ORDERED that: Defendants show cause before this Court, the Honorable Judge Valerie E. Caproni presiding, in Courtroom 443 of the United States District Court for the Southern District of NewYork, at the Courthouse located at 40 Foley Square, New York, NY 10007, April 26, 2022 at 2:00 p.m. or as soon thereafter as counsel may be heard, why an order should not be entered, (i) entering default judgment against Defendants pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 55(b); (ii) together with such other relief as this Court deems just and proper. Let service of a copy of this Order to Show Cause, together with the papers upon which it is based, be accomplished by delivering these papers by registered mail to Defendants, with a return receipt requested, at the business address for Adirondacks Protection Services LLC **and the individual Defendants' home addresses, by on or before March 25, 2022**, and that be deemed good and sufficient service.

[emphasis added] [Dckt. No. 33].

The Plaintiffs' respectfully request a two-week extension of time to comply with the service requirements for the Individual Defendants. Alternatively, the Plaintiffs' respectfully request reconsideration of the portion of Your Honor's Order that requires service on the Individual Defendants at their respective residence to permit service on the Individual Defendants' actual place of business, in accordance with CPLR § 308(2).

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing. Thank you, in advance, for your time and consideration.

          Respectfully submitted,

    By: */s/ Joshua Levin-Epstein*
       60 East 42nd Street, Suite 4700
       New York, NY 10170
       Tel. No.:  (212) 792-0046
       Email: Joshua@levinepstein.com
       *Attorneys for Plaintiff*

VIA ECF: All Parties

Application GRANTED.  The deadline for Plaintiffs to serve the Individual Defendants is hereby ADJOURNED from March 25, 2022, until April 8, 2022.  Plaintiffs must also serve this order on the Individual Defendants when effecting service.
SO ORDERED.

*signature* 3/24/22

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE